UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ARIZONA BOARD OF REGENTS ON BEHALF OF THE UNIVERSITY OF ARIZONA; THE ARIZONA BOARD OF REGENTS ON BEHALF OF ARIZONA STATE UNIVERSITY; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ON BEHALF OF THE UNIVERSITY OF CALIFORNIA, BERKELEY; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ON BEHALF OF THE UNIVERSITY OF CALIFORNIA, LOS ANGELES; THE REGENTS OF THE UNIVERSITY OF COLORADO ON BEHALF OF THE UNIVERSITY OF COLORADO BOULDER; UNIVERSITY OF OREGON; OREGON STATE UNIVERSITY; THE UNIVERSITY OF SOUTHERN CALIFORNIA; THE BOARD OF TRUSTEES OF THE LELAND STANFORD JR. UNIVERSITY; UNIVERSITY OF UTAH; UNIVERSITY OF WASHINGTON; AND WASHINGTON STATE UNIVERSITY, | NO. 2:21-CV-0135-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE~ 1

|                                                                                              |                  |
| -------------------------------------------------------------------------------------------- | ---------------- |
|                                                                                              | Plaintiffs,      |
| v.                                                                                           |                  |
| SPORTSWEAR INC. d/b/a PREP SPORTSWEAR and VINTAGE BRAND, LLC,                                |                  |
|                                                                                              | Defendants.      |

BEFORE THE COURT is Defendants' Motion to Dismiss or, in the alternative, Motion to Strike for a More Definite Statement (ECF No. 25). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss or, in the alternative, Motion to Strike (ECF No. 25) is **DENIED**.

## BACKGROUND

This matter arises out of Defendants' alleged impermissible use of Plaintiffs' trademarks and trade dress on merchandise sold on Defendants' websites. Plaintiffs are universities that comprise the Pacific-12 Conference ("Pac-12"). ECF No. 23 at 7, ¶ 19. The organization was originally established in 1959 under the name Athletic Association of Western Universities and had only four university members. *Id*. at ¶ 20. Since then, it has expanded to a twelve-university membership and is known colloquially as the Pac-12. *Id*. Each of the twelve

universities owns and uses trademarks and trade dress in connection with their respective institutions. *Id*. at ¶ 24. Some of the marks are federally registered while others are associated with their institutions through historical use. ECF Nos. 23 at 8–46, ¶¶ 25–218; 23-1–23-12.

The Pac-12 is one of five athletic conferences that compete in the National Collegiate Athletic Association ("NCAA"). ECF No. 23 at 8, ¶¶ 21–22. The Pac-12 teams have won numerous NCAA championship titles over several decades. *Id*. at ¶ 22. The Pac-12 sporting events are shown on its own television network but also on ESPN and FOX. *Id*. at ¶ 23.

Defendants sell and distribute sports and team merchandise on their websites, both of which are believed to be owned and operated by Chad Hartvigson, who operates out of a single office location in Seattle, Washington. *Id*. at 46, ¶ 220. The websites offer various "apparel stores" that are categorized by school mascot or geographic location. *Id*. at 47, ¶ 225; at 50, ¶ 231. The apparel stores display merchandise options with the relevant school colors and branding. *See, e.g., id*. at ¶ 234. Defendants do not have licensing rights to use Plaintiffs' trademarks or trade dress. *Id*. at 51, ¶ 236. Plaintiffs allege Defendants use color schemes and logos on their merchandise that are confusingly similar to Plaintiffs' own protected marks and trade dress. *Id*. at ¶ 238; *see also id*. at 52–58.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE~ 3

Plaintiffs filed the First Amended Complaint ("FAC") on January 14, 2022. ECF No. 23. In the present motion, Defendants seek dismissal of the FAC or, in the alternative, move the Court to Strike the FAC and require Plaintiffs to provide a more definite statement. ECF No. 25.

## DISCUSSION

### I. Motion to Dismiss

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of

which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Id.* at 678 (citation omitted).  A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

### A. Motion to Dismiss

Defendants move to dismiss the FAC in its entirety.  ECF No. 23. Defendants' motion is premised on four theories: Plaintiffs use "multi-level" defined terms that prevent Defendants from framing a responsive pleading; Plaintiffs fail to identify each mark that is allegedly infringed upon by each Defendant, and therefore, fail to put Defendants on notice of the claims alleged against them; Plaintiffs are improperly joined because their claims do not arise from the same transaction or occurrence; and Plaintiffs fail to sufficiently plead a claim for dilution.  ECF Nos. 25, 29.

First, a review of the FAC reveals Plaintiffs' defined terms are not so ambiguous or vague that Defendants lack a sufficient basis to frame their responsive pleadings.  In fact, Defendants' own motion demonstrates Defendants have a firm grasp on the marks at issue and the types of claims being alleged.  Not only do they comprehensively describe Plaintiffs' terms, Defendants explicitly acknowledge they have "numerous affirmative defenses" that will be used against each Plaintiff.  ECF No. 25 at 13–16; at 24.  The fact that Defendants must "sift through" and cross-reference various paragraphs to "piece together" the

1 representative marks is not grounds for dismissal. ECF No. 25 at 14. Moreover, as
2 a seller of sports logo wear, Defendants can hardly claim to be unfamiliar with
3 Plaintiffs' various marks and color schemes or the products on which they appear.
4 The Court finds Plaintiffs' defined terms are sufficient to put Defendants on notice
5 of the claims alleged against them and that Defendants' have adequate information
6 to frame responsive pleadings.

7       Next, Plaintiffs' failure to provide an exhaustive list of every mark
8 potentially at issue in each claim is similarly insufficient for dismissal at the
9 pleading stage. The FAC identifies many of Plaintiffs' marks, even providing
10 pictorial examples of how some of the marks are used on certain merchandise.
11 *See*, *e.g.*, ECF No. 23 at 10, ¶ 32. The FAC also provides screenshots of the
12 infringing marks as they appear on Defendants' websites as well as comparative
13 examples of Plaintiffs' actual marks and the marks being used by Defendants. *Id*.
14 at 48–50; at 52–58. The facts and allegations in the FAC are more than sufficient
15 to put each Defendant on notice of how it is infringing on Plaintiffs' various marks,
16 regardless of whether Plaintiff identifies each specific mark potentially at issue. In
17 any event, the merits of Plaintiffs' claims are not presently before the Court; any
18 remaining questions or confusion Defendants may have regarding the specific
19 marks can easily be ascertained through discovery.

20       As to Defendants' third theory, Plaintiffs are not improperly joined. Rule

ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO STRIKE~ 7

20(a) permits plaintiffs to join in one action if their claims arise out of the same transaction or occurrence and relate to common questions of law or fact. Fed. R. Civ. P. 20(a). Taking the claims and facts as true, the alleged infringements arise out of the same transaction or occurrence, specifically Defendants' impermissible use of Plaintiffs' marks or similar marks on merchandise sold from two websites, which are owned and operated by the same individual. *See generally*, ECF No. 23. Plaintiffs' claims also involve the same questions of law and fact. The facts allege Defendants impermissibly used Plaintiffs' marks on their websites and sold merchandise bearing marks that were confusingly similar to Plaintiffs' marks, and the claims all arise under the Lanham Act or parallel state laws. *Id*. As it currently stands, the FAC and its attachments is nearly 200 pages in length; the Court fails to see how severing each Plaintiff and their claims could possibly provide any further clarity regarding the claims asserted against Defendants.

Finally, the FAC sufficiently pleads a claim for trademark dilution. Defendants' argument that Plaintiffs' marks are not famous or relate only to a "niche market" is unpersuasive. ECF No. 25 at 25–27. In determining whether the "famousness" element is met in a dilution claim, courts look to (1) the duration, extent, and geographic reach of advertising and publicity of the mark, either by the owner or third parties; (2) the amount, volume, and geographic extent of sales of goods or services offered under the mark; (3) the extent of actual recognition of the

mark; and (4) whether the mark was registered on the principal register. *Aegis Software, Inc. v. 22nd Dist. Agric. Ass'n*, 255 F. Supp. 3d 1005, 1009 (S.D. Cal. 2017).

First, the FAC alleges the marks at issue are used in national broadcasts on the Pac-12's own television channel, ESPN, and FOX. ECF No. 23 at 8, ¶ 23. Second, the FAC claims the Pac-12 garnered $530 million in gross revenue in 2018–2019, which includes sales of branded merchandise and apparel, indicating a high volume and broad geographic scope of sales. *Id.* Next, the FAC implies extensive actual recognition of the marks due to the notoriety of Plaintiffs' athletic programs, famous alumni, and strong alumni networks. *See, e.g., id*. at 23, 9, ¶ 26–27; at 12, ¶ 42–43; at 15, ¶ 58–59; at 18, ¶ 74–75. Finally, the FAC contains an extensive exhibit list that includes the U.S. Registration Numbers for numerous marks at issue. ECF Nos. 23-1–23-12. At the pleading stage, Plaintiffs have met the famousness element for a dilution claim.

Based on the foregoing, the Court finds the FAC meets the minimum pleading requirements at this stage of the litigation. Defendants' Motion to Dismiss is denied. Defendants' alternative Motion to Strike for a More Definite Statement is denied for the same reasons.

### B. Overlength Brief

In their Reply, Defendants request that the Court strike Plaintiffs' overlength

ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE~ 9

brief. ECF No. 29 at 7. The Court is not inclined to do so. However, Plaintiffs are reminded to consult the Local Rules for all formatting requirements and seek leave of Court to exceed the page limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss or, in the alternative, Motion to Strike for a More Definite Statement (ECF No. 25) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED May 5, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE~ 10