HONORABLE THOMAS O. RICE.

John Fetters (WSBA #40800)
Joshua Harms (WSBA #55679)
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
E-mail: John.fetters@stokeslaw.com
　　　　Joshua.Harms@stokeslaw.com

Attorneys for Defendants SPORTSWEAR INC.
d/b/a PREP SPORTSWEAR and VINTAGE BRAND, LLC.

Javier F. Garcia
Washington Bar No. 38259
JGarcia@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue
Suite No. 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000

Stephen F. English
(to be admitted pro hac vice)
SEnglish@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street
10th Floor
Portland, Oregon 97209-4128
Phone: (503) 727-2000

Thomas L. Holt
(pro hac vice)
THolt@perkinscoie.com
Jeremy L. Buxbaum
(pro hac vice)

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 1

1 | JBuxbaum@perkinscoie.com
PERKINS COIE LLP
2 | 110 North Wacker Drive
Suite No. 3400
3 | Chicago, Illinois 60606
Phone: (312) 324-8400

4 |

*Attorneys for Plaintiffs, The Arizona Board*
5 | *of Regents on Behalf of The University of*
*Arizona and Arizona State University, The*
6 | *Regents of The University of California on*
*Behalf of University of California, Berkeley*
7 | *and University of California, Los Angeles,*
*The Regents of The University of Colorado*
8 | *on Behalf of The University of Colorado*
*Boulder, University of Oregon, Oregon*
9 | *State University, The Board of Trustees of*
*The Leland Stanford Jr. University,*
10 | *University of Utah, University of*
*Washington and Washington State*
11 | *University*

12 | S. Annie Allison
Washington Bar No. 48397
13 | annie.allison@haynesboone.com
HAYNES AND BOONE, LLP
14 | 30 Rockefeller Plaza, 26th Floor
New York, NY 10112
15 | Phone: (212) 835-4858

16 | David Clark
(pro hac vice)
17 | david.clark@haynesboone.com
HAYNES AND BOONE, LLP
18 | 600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
19 | Phone: (949) 202-3086

20 | *Attorneys for Plaintiff, The University of Southern California*

21 |

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 2

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON (SPOKANE)

| | |
|---|---|
| THE ARIZONA BOARD OF REGENTS ON BEHALF OF THE UNIVERSITY OF ARIZONA AND ARIZONA STATE UNIVERSITY, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ON BEHALF OF UNIVERSITY OF CALIFORNIA, BERKELEY AND UNIVERSITY OF CALIFORNIA, LOS ANGELES, THE REGENTS OF THE UNIVERSITY OF COLORADO ON BEHALF OF THE UNIVERSITY OF COLORADO BOULDER, UNIVERSITY OF OREGON, OREGON STATE UNIVERSITY, THE UNIVERSITY OF SOUTHERN CALIFORNIA, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JR. UNIVERSITY, UNIVERSITY OF UTAH, UNIVERSITY OF WASHINGTON, AND WASHINGTON STATE UNIVERSITY,<br><br>        Plaintiffs,<br>    v.<br><br>SPORTSWEAR INC. d/b/a PREP SPORTSWEAR and VINTAGE BRAND, LLC,<br><br>        Defendants. | Case No.: 2:21-cv-00135-TOR<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

This matter came before the Court on the Parties' Stipulated Motion for Protective Order, Dkt. #48. This Court having reviewed the file and records herein

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 3

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

and being otherwise advised in the premises, NOW THEREFORE,

IT IS HEREBY ORDERED as follows:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" means any document, thing, or information (or any summaries, reports, or descriptions thereof) that is non-public. In designating information as "Confidential," a party will make such designation only as to the information that it in good faith believes contains the foregoing information.

"Highly Confidential," "Attorneys' Eyes Only," and "AEO" mean any document, thing, or information (or any summaries, reports, or descriptions thereof) that comprises or contains information that the producing party claims in good faith

is highly sensitive and constitutes or relates to trade secrets or other confidential research, development, or commercial information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G), including but not limited to technical information, pricing and revenue information, and other competitively sensitive data the disclosure of which to persons other than those set forth in Paragraph 4.b below, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. SCOPE

The protections conferred by this agreement cover not only Confidential and Highly Confidential material (as defined above), but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use Confidential and Highly Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to

settle this litigation. Confidential and Highly Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and Highly Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2 <u>Disclosure of Confidential and Highly Confidential–Attorneys' Eyes Only Information or Items</u>.

    (a) Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Confidential material only to:

        (i) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

        (ii) persons identified as actual or potential witnesses who may testify at any deposition or hearing in this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court;

        (iii) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (iv) any person identified in Paragraph 4.2(b) below.

(b) Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Highly Confidential–Attorneys' Eyes Only material only to:

(i) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii) the court, court personnel, and court reporters and their staff;

(iii) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) any person who authored and/or received the Highly Confidential information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the Highly Confidential information sought to be disclosed to that witness; and any witness testifying in a deposition or hearing may be shown Highly Confidential information of a producing party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the producing party, or a corporate designee of the producing party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the producing party if, at the time of the witness's employment,

the Highly Confidential information was in existence and the witness had access to such Highly Confidential information;

(v) litigation support vendors retained by counsel for such functions as document collection, processing, management, coding, hosting or storage and photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

(vi) mock jurors and/or their trial or jury consultants engaged by the parties in preparation for trial, provided that (i) no party will use any mock juror who is employed or affiliated with or who is related to or has a close personal relationship with any person employed by or affiliated with either party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any designated material; and (iii) and all such mock jurors have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii) mediators or similar outside parties and their staffs enlisted by the Court or the parties to assist in the resolution of the claims and defenses of the parties in the action;

(viii) insurers, accountants, auditors, independent consultants or regulators to whom a party may be required to respond or report in its ordinary course of business regarding the action or proceedings arising out of or related to the action; and

(ix) any other person for whom the receiving party can show good cause, but only upon order of the Court or with advance written permission of the producing party.

4.3 <u>Filing Confidential and Highly Confidential Material</u>. Before filing Confidential or Highly Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, to determine whether the designating party will remove the Confidential or Highly Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "Confidential" or "Highly Confidential"/ "Attorneys' Eyes Only"/ "AEO" to each page that contains such material. If only a portion or portions of the material on a

page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as protected material. All deposition transcripts shall be treated as Attorneys' Eyes Only for a period of 30 days after initial receipt of the transcript. If a party or non-party desires to protect information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential" or "Highly Confidential"/ "Attorneys' Eyes Only"/ "AEO". If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such

material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## 6. CHALLENGING DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the designation. The burden of persuasion in any such motion shall be on the designating

party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the court rules on the challenge.

## 7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated pursuant to this agreement in this action, that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.

## 8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this

agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## 10. TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all protected material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.

The obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

## 11. CLAW BACK AGREEMENT

Pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 16th day of May 2023.



_____
THOMAS O. RICE
United States District Judge

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 15

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of *Arizona Board of Regents et al. v. Sportswear Inc. et al*, 2:21-cv-00135-TOR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Presented by:

| | |
|---|---|
| PERKINS COIE LLP | STOKES LAWRENCE, P.S. |
| By: /s/ Javier F. Garcia (per e-mail authority 5/12/23) | By: /s/ John T. Fetters |
| Javier F. Garcia (WSBA #38259) | John T. Fetters (WSBA #40800) |
| Thomas Holt (Pro Hac Vice) | Joshua Harms (WSBA #55679) |
| Jeremy L. Buxbaum (Pro Hac Vice) | Stokes Lawrence, P.S. |
| Perkins Coie, LLP | 1420 Fifth Avenue, Suite 3000 |
| 1201 Third Avenue, Suite 4900 | Seattle, WA 98101-2393 |
| Seattle, WA 98101 | Telephone: (206) 626-6000 |
| Telephone: (206) 359-8000 | Fax: (206) 464-1496 |
| jgarcia@perkinscoie.com | John.fetters@stokeslaw.com |
| tholt@perkinscoie.com | Joshua.harms@stokeslaw.com |
| jbuxbaum@perkinscoie.com | |
| | Attorneys for Defendants Sportswear, Inc. d/b/a Prep Sportswear and Vintage Brand, LLC |
| Attorneys for Plaintiffs The Arizona Board of Regents on Behalf of The University of Arizona and Arizona State University, The Regents of The University of California on Behalf of University of California, Berkeley and University of California, Los Angeles, The Regents of The University of Colorado on Behalf of The University of Colorado Boulder, University of Oregon, Oregon State University, The Board of Trustees of The Leland Stanford Jr. University, University of Utah, University of Washington, and Washington State University | |

HAYNES BOONE, LLP

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 17

By: */s/* S. Annie Allison (per e-mail authority 5/12/23)
S. Annie Allison (WSBA #48397)
David Clark (pro hac vice)
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 835-4858
annie.allison@haynesboone.com
david.clark@haynesboone.com

Attorneys for Plaintiff The University of Southern California